NO. 07-04-0284-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 20, 2004

_____

IN RE SARA RENEE ESTES, RELATOR
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Relator Sara Renee Estes seeks issuance of a writ of mandamus directing the trial court to dismiss the claim of her husband and real party in interest Jerry Devin Estes for a child custody order regarding the children of the marriage. Sara asserts that the trial court had neither subject matter jurisdiction over the child custody matter under Family Code section 152.201 nor temporary emergency jurisdiction under Family Code section 152.204. We conditionally grant the writ in part.

BACKGROUND

Relator Sara Estes and real party in interest Jerry Estes were married in Nebraska in August, 1999, and moved to Texas in February, 2000. They had two children during the

marriage.[1]  On or shortly prior to May 1, 2003, Sara took the children and traveled to Nebraska, where her parents lived.  Sara and the children stayed in Nebraska after they left Texas.

On February 11, 2004, Jerry filed a divorce action in the 242nd District Court of Hale County, Texas, where he lived.  As relates to this proceeding, Jerry sought temporary and permanent orders concerning conservatorship of the children.

The trial court entered a temporary restraining order and set a hearing on temporary orders for February 23, 2004.  Sara was served, but remained in Nebraska with the children and did not appear at the temporary orders hearing.

The trial court entered temporary orders which (1) contained findings that the residence of the children was with Sara, (2) appointed Sara and Jerry as temporary joint managing conservators of the children, and (3) awarded Jerry the exclusive right to establish the primary residence of the children in Hale County.  Jerry took a copy of the temporary orders to Nebraska.  Confronted with the court order, Sara yielded possession of the children.  Jerry and the children returned to Texas on February 26, 2004, where he and the children remained.

On March 26, 2004, Sara filed a special appearance and plea to the jurisdiction in the Texas proceeding.  She asserted that she and the children were domiciled in Nebraska

---

[1]Sara had one child at the time of the marriage.  References to "the children" will not encompass that child unless specifically noted.

and, citing section 152.201 of the Texas Family Code,[2] urged that Texas lacked jurisdiction because Texas was not the children's home state at the time of or within six months of the commencement of the action. Jerry responded by filing an amended petition on April 19th in which he maintained that Texas had jurisdiction under section 152.201, had temporary emergency jurisdiction under section 152.204, and the children were now present in Texas. On April 20, 2004, Sara filed an action for separation[3] in the District Court of Platte County, Nebraska, seeking court-ordered separation, property division and custody of the children.

On April 26, the Texas court heard Sara's special appearance and plea to the jurisdiction. Prior to the hearing, the trial judge contacted, by email, the Nebraska judge who was presiding over the Nebraska proceeding. See section 152.110. Copies of communications between the judges were made part of the hearing record.

The trial court overruled Sara's special appearance, denied her plea to the jurisdiction based on section 152.201, continued the temporary orders of February 26th in effect, declined to rule on Jerry's assertion of section 152.204 temporary emergency jurisdiction, and temporarily abated the proceedings to allow the Nebraska court to consider the child custody claim in Sara's Nebraska proceeding.

By one issue, Sara challenges the trial court's order denying her plea to its subject matter jurisdiction over child custody issues. Jerry responds by asserting that the children

---

[2]See TEX. FAM. CODE ANN. § 152.201 (Vernon 2002). Further references to provisions of the Family Code will be by reference to "section _."

[3]The April 20th filing was an Amended Petition. The record before us does not indicate whether an original petition was filed, and if so, the date on which it was filed.

"lived" in Texas throughout their stay in Nebraska because their absence from Texas was only a temporary absence in the nature of a vacation. He also urges that the trial court had temporary emergency jurisdiction once the children returned to Texas in February.

STANDARD OF REVIEW

Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.1992) (orig. proceeding). Writ of mandamus is an appropriate means to require a trial court to vacate a void order arising out of an erroneous assertion of jurisdiction in regard to child custody determinations. See Geary v. Peavy, 878 S.W.2d 602, 603-04 (Tex.1994); In re McCormick, 87 S.W.3d 746, 748-49 (Tex.App.--Amarillo, orig. proceeding).

Subject matter jurisdiction is never presumed. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443-44 (Tex.1993). The existence of a court's subject matter jurisdiction over a case or controversy is a legal question. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998). Accordingly, the standard of review is *de novo*. Id. In examining jurisdiction vested in Texas courts by a statute such as the Family Code, the most important rule is to ascertain and give effect to the Legislature's intent. See State v. Hodges, 92 S.W.3d 489, 494 (Tex. 2002). The Legislature's intent is determined by examining the language used in the statute within the context of the entire statute. See id.

Because a court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issue, see Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000),

-4-

appellate review is of the pleadings and evidence relevant to the jurisdictional issue. See Texas Dep't. of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. Texas Dep't. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). If the evidence creates a fact question regarding the jurisdictional issue, then the plea to the jurisdiction may not be granted until the fact issue is resolved by the fact finder. See id.

When determination of a trial court's subject matter jurisdiction requires examination of evidence, then timing of the determination of jurisdiction, and thus of the evidence available to be considered, generally lies within the trial court's discretion. That is, the trial court exercises its discretion in deciding whether the jurisdiction determination should be made at a preliminary hearing or await a fuller development of the case. Id.; Blue, 34 S.W.3d at 554; In re Jane Doe, 19 S.W.3d 249, 253 (Tex. 2000) (abuse of discretion standard is typically applied to procedural or other trial management determinations).

In this instance, the trial court held both a temporary orders hearing and a hearing on Sara's plea to the jurisdiction.[4] The evidence as to jurisdiction was different at the two hearings. And, as pointed out forcefully by Sara in contesting Jerry's assertion that the trial court had temporary emergency jurisdiction, at the first hearing in February the children were not physically present in Texas. Sara does not, however, challenge the trial court's consideration of evidence presented at the April 26th hearing in determining its jurisdiction.

---

[4]We will not reference Sara's special appearance further because she does not seek relief in this mandamus proceeding from the trial court's overruling of the plea.

At that time the children were in Texas.   Because the trial court exercised its discretion to

wait and determine its jurisdiction when it heard Sara's plea to the jurisdiction on April 26th,

we will review the jurisdiction issue based on the pleadings and evidence as of that time.

SECTION 152.201 JURISDICTION

Except for temporary emergency jurisdiction, a Texas court has jurisdiction to make

an initial child custody determination only in accordance with the provisions of section

152.201.  See section 152.201(a),(c).  Section 152.201 prioritizes, by the four subsections

of section 152.201(a), the manner in which the trial court's jurisdiction is analyzed.  See In

re Oates, 104 S.W.3d 571, 576 (Tex.App.--El Paso 2003, orig. proceeding).

Section 152.201(a) provides that except as otherwise provided in Section 152.204,

a court of this state has jurisdiction to make an initial child custody determination only if:

(1) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state;

(2) a court of another state does not have jurisdiction under Subdivision (1)...

(3) all courts having jurisdiction under Subdivision (1) or (2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under Section 152.207 or 152.208;  or

(4) no court of any other state would have jurisdiction under the criteria specified in Subdivision (1), (2), or (3).

We will first consider whether the trial court had jurisdiction pursuant to subsection 152.201(a)(1). See In re Oates, 104 S.W.3d at 576.

On February 11, 2004, Jerry filed his first pleading in Hale County seeking divorce and custody of the children. It is undisputed that the children were not physically in Texas at any time between at least May 1, 2003, and February 26, 2004, when Jerry transported them from Nebraska to Hale County where he and his parents resided. Jerry maintains that the children's absence from Texas was only a temporary vacation-like visit to Nebraska and the children continued to "live" in Texas throughout their physical absence of over nine months.

At the April 26, 2004, hearing on Sara's special appearance and plea to the jurisdiction, Sara introduced the affidavit she filed in support of her plea to the jurisdiction, and the first of two UCCJEA[5] affidavits which Jerry attached to his pleadings. In her affidavit, Sara stated that in April, 2003, Jerry had been jailed for shoplifting and bad check charges. On the advice of Jerry's father, she took the children and moved to Nebraska, where she and the children lived with her parents from April 27th until June 26th. On June 26th, Sara and the children moved to their own apartment. Sara averred that the move to Nebraska was not temporary; in May, 2003, she was issued a Nebraska driver's license, registered her automobile and insured it in Nebraska, and began receiving support and medical care assistance from the state of Nebraska for the children and herself; and her apartment lease and utilities were in her name from June 26, 2003. She also outlined

_____

[5]Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), which Texas adopted effective September 1, 1999. See In re Oates, 104 S.W.3d at 576.

difficulties with the children in Nebraska which resulted in the juvenile division of the County Court of Platte County, Nebraska, assuming jurisdiction of the children.

Jerry's first Affidavit for UCCJEA Information was executed in February, 2003, and had been attached to his original petition. In the affidavit, Jerry verified that the children lived with Sara at 470 - 5th Avenue, Columbus, Nebraska, from May 1, 2003, until "the present."

Sara also introduced a copy of an Amended Petition she filed in the District Court of Platte County, Nebraska, on April 20, 2004. The pleading recited, in relevant part, that Sara was a resident of Platte County but had not resided there a year; from April 27, 2003, to February 26, 2004, the children resided with Sara at 2481 E. 5th Avenue #14, Columbus, Nebraska; that she and Jerry had been married at Columbus, Nebraska, on August 14, 1999; and the marriage was irretrievably broken. She sought an order of separation and custody of the children.

The Texas trial court took notice of Jerry's testimony at the February 23rd temporary orders hearing. Jerry testified at the hearing he "understood" when Sara left Texas and went to Nebraska with the children, that it was not a move to Nebraska, but rather was "more or less like a little vacation, giving them time to see [Sara's parents] up there in Nebraska." In his second UCCJEA affidavit, which was also before the court, Jerry set out that "I stayed in contact with Sara Renee Estes by telephone. Sara Renee Estes indicated on repeated occasions that her intention was to return to Texas."

Correspondence between the trial court and the judge of the District Court of Platte County, Nebraska, was furnished to the parties and introduced as court exhibits. That correspondence reflected the trial judges' concurrence that both Texas and Nebraska had enacted the UCCJEA and Nebraska appeared to be the appropriate forum for exercising jurisdiction over the children. See section 152.207.

As can be seen, Sara averred clearly and specifically that her move to Nebraska with the children was not temporary. No evidence contradicted the statements in her affidavit that she registered and insured her car in Nebraska in May, 2003; she leased an apartment in her name on June 26, 2003; and she and the children lived in that apartment from June 26th until she surrendered the children on February 24, 2004, pursuant to the Texas temporary orders. Jerry, on the other hand, did not detail any dates on which he talked to Sara, nor did he specify what Sara said on which he based his opinion that when Sara left Texas with the children it was "like a little vacation." He did not set out her alleged statements which led him to opine that she "indicated" her intention to return to Texas numerous times, nor the dates on which she allegedly made them. Nor did Jerry set out any statements made by Sara which evidenced that she intended to return to Texas because her move to Nebraska was only a temporary visit instead of a permanent move.

Jerry's testimony created a fact question for the trial court to resolve as to whether Sara originally intended to merely visit her parents in Nebraska on a temporary vacation-type visit when she and the children went there in late April or early May of 2003. Beyond that, however, and in light of the uncontradicted facts set out in Sara's affidavit, Jerry did not present sufficient evidence to create a fact question as to the "temporary visit" nature

of the presence of Sara and the children in Nebraska after their move to Sara's leased apartment on June 26, 2003.

Thus, the evidence before the trial court at the hearing on Sara's plea to the jurisdiction was conclusive that as of the filing of the Texas proceeding on February 11, 2004, the children had not lived in Texas for at least six consecutive months immediately preceding the filing, nor was there any date during the six months preceding February 11, 2004, at which the children lived in Texas for at least six consecutive months immediately preceding such date. See subsections 152.201(a), (a)(1), 152.102(7). It follows that Texas was not the home state of the children as of the time Jerry filed his suit, and subsection 152.201(a)(1) did not provide subject matter jurisdiction for the trial court to make an initial child custody determination.

Because subsection 152.201(a)(1) did not provide jurisdiction, we next consider subsection 152.201(a)(2). Correspondence between the Texas and Nebraska judges, the relevant Nebraska statutes, and the record of the May 4, 2004, hearing in the proceeding filed by Sara in Nebraska demonstrate that Sara's proceeding vested jurisdiction over the children in the District Court of Platte County, Nebraska, in regard to child custody matters. At the May 4, 2004, hearing, the Nebraska court sustained Jerry's special appearance, but declined to dismiss the case as to child custody matters, pending the Texas courts' determinations. The Nebraska court, understandably, declined to enter a custody order because of the existing February 26th temporary orders from the Texas court and because entry of an order by the Nebraska court would have resulted in two separate existing court orders as to the children's custody. The Nebraska court did not decline to exercise

-10-

jurisdiction over custody matters on the basis that either Nebraska was an inconvenient forum, see subsection 152.201(a)(2) and section 152.207, or Sara had engaged in unjustifiable conduct. See subsection 152.201(a)(2) and section 152.208. Therefore, subsection 152.201(a)(2) did not provide subject matter jurisdiction in the Texas trial court for an initial child custody determination.

Because neither subsection 152.201(a)(1) nor subsection 152.201(a)(2) provided jurisdiction, we next consider whether subsection 152.201(a)(3) did so. In regard to subsection 152.201(a)(3), we have previously noted that the Nebraska court did not decline to exercise its jurisdiction over the children because the Texas court was a more appropriate forum to determine the custody of the children on the basis that either Nebraska was an inconvenient forum, or Sara had engaged in unjustifiable conduct. The Nebraska court declined to enter a custody order because the judge did not ". . . want to put us in a situation where we've got two courts entering custody orders that are conflicting regarding the same minor children." Accordingly, subsection 152.201(a)(3) does not provide subject matter jurisdiction to the Texas court for an initial child custody determination.

Finally, subsection 152.201(a)(4) provides jurisdiction to Texas courts if Nebraska courts did not have jurisdiction under criteria specified by subsections 152.201(a)(1), (2), or (3). The children were physically with Sara in Nebraska for more than nine consecutive months prior to Jerry's filing the Texas proceeding in February, 2004. Further, we have determined that there is no fact question about the absence from Texas of Sara and the children being merely a temporary absence to visit Nebraska after June 26, 2003. Thus,

the children having lived in Nebraska with Sara for over seven months before Jerry filed suit on February 11, 2004, Nebraska would be the home state of the children under criteria of subsection 152.201(a)(1). Subsection 152.201(a)(4) did not provide subject matter jurisdiction to the Texas court for an initial child custody determination.

In sum, section 152.201 did not provide subject matter jurisdiction in the Texas court.

## SECTION 152.204 TEMPORARY EMERGENCY JURISDICTION

On April 19, 2004, Jerry filed an amended petition by which he alleged that the children were in Texas, and that in addition to jurisdiction pursuant to section 152.201, the trial court also had temporary emergency jurisdiction under section 152.204. Sara argued, and asserts in this mandamus proceeding, that the trial court did not ever have temporary emergency jurisdiction because when Jerry's first pleading was filed on February 11, 2004, the children were not in Texas, see section 152.204(a), and that Jerry could not "bootstrap" the trial court into having temporary emergency jurisdiction by using void temporary orders to obtain physical possession of the children in Nebraska, bring them to Texas, then urge their presence in the state as a basis for temporary emergency jurisdiction.

At the April 26th hearing, the trial court made two specific rulings in relation to this issue. First, it specifically deferred ruling on Jerry's request for it to exercise temporary emergency jurisdiction over the children. Next, it extended the temporary orders based on its determination that it had jurisdiction pursuant to section 152.201.

-12-

Because the children were not in Texas at the time Jerry commenced the proceeding on February 11th, the trial court did not then have section 152.204 temporary emergency jurisdiction. See section 152.204(a). The amended pleading, however, set out that the children were in Texas. For purposes of determining the trial court's jurisdiction, the amended pleading and its allegation of facts supporting new grounds for jurisdiction is deemed a new suit as of the time it is filed. See Perry v. Del Rio, 66 S.W.3d 239, 253 (Tex. 2001); Leach v. Brown, 292 S.W.2d 329, 331 (Tex.1956).

As to Sara's claim that the trial court did not have temporary emergency jurisdiction, we note that section 152.204(a) provides:

> A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

Under the clear and unambiguous language of the statute, if a child is in the state, a Texas court has jurisdiction to temporarily protect the child under specified circumstances. Section 152.208 mandates a Texas court to decline to exercise its jurisdiction if the jurisdiction exists because a person seeking to invoke the jurisdiction has engaged in unjustifiable conduct, "Except as otherwise provided in section 152.204 or other law of this state." See section 152.208(a).

In examining section 152.204(a) in the context of the detailed directives in subsections 152.204(b),(c) and (d), sections 152.201(a) and section 152.208, we conclude that the Legislature intended to vest jurisdiction in Texas courts to temporarily protect

-13-

children physically present in the state, even though the children are brought into Texas under the circumstances in this matter, so long as it is necessary to protect the children on one of the grounds specified by section 152.204(a). See Hodges, 92 S.W.3d at 494; Saavedra v. Schmidt, 96 S.W.3d 533, 542 n.12, 544 (Tex.App.–Austin 2002, no pet.).

The children had been in Texas since February 26, 2004. The amended pleadings and the evidence before the trial court at the April 26th hearing on Sara's plea to the jurisdiction were sufficient to vest jurisdiction in the trial court for it to determine if it had section 152.204 temporary emergency jurisdiction over the children. See Blue, 35 S.W.3d at 555.

## CONCLUSION

The trial court did not have subject matter jurisdiction to make an initial child custody determination under subsection 152.201(a). We sustain Sara's issue as to the trial court's jurisdiction to enter and continue its temporary orders determining child custody matters. We conditionally grant writ of mandamus directing the trial court to set aside its temporary orders and to dismiss Jerry's claims as to child custody on the basis of section 152.201. The writ will be issued only if the trial court fails to do so.

We decline the application for writ, without prejudice, to the extent the application seeks mandamus directing the trial court to dismiss Jerry's application seeking relief pursuant to section 152.204.

> Phil Johnson
> Chief Justice

-14-