# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00529-CV

---

**Willie Mazon, Appellant**

**v.**

**Vanderbilt Mortgage & Finance, Inc., Appellee**

---

**FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
NO. 98-V-014, HONORABLE DAN R. BECK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Willie Mazon[1] appeals from the judgment against him in a foreclosure suit. He raises three issues on appeal, contending that the automatic stay in bankruptcy prevented this proceeding from being initiated and proceeding to judgment.[2] We will affirm the trial court's judgment.

---

[1] Mazon represents himself pro se, which does not excuse him from complying with applicable rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the relevant rules of procedural and substantive law." *Faretta v. California,* 422 U.S. 806, 834 n.46 (1975). "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied).

[2] 11 U.S.C.A. § 362(a) (West 2004) (filing bankruptcy petition stays commencement or continuation of proceeding against the debtor).

## Background

Vanderbilt Mortgage & Finance, Inc. (Vanderbilt) attempted to foreclose on Mazon's manufactured home. Mazon proceeded to file several bankruptcies. In some ways, this litigation became a cat-and-mouse game to see whether Vanderbilt could pursue its lawsuit around Mazon's multiple bankruptcy filings.

Mazon's December 1997 bankruptcy, the first that affected this appeal, was his third filing.[3] In April 1998, as part of this December 1997 bankruptcy proceeding, the court issued an agreed order that, in the event of a conversion from Chapter 13 to Chapter 7, the payment terms specified in the Chapter 13 proceeding would not remain in effect; alternatively, if the Chapter 13 case were dismissed, Mazon was precluded from including Vanderbilt as a party in any future Chapter 13 proceeding. The order also specified that if Mazon defaulted on any requirement of the Chapter 13 plan, as long as Vanderbilt complied with certain notice requirements, the automatic stay terminated and Vanderbilt was authorized to take "any and all steps necessary to exercise any and all rights" in the manufactured home. This bankruptcy was dismissed on October 5, 1998, without prejudice. Mazon then filed a notice of appeal in federal district court, which was dismissed on January 29, 1999. Mazon had also filed an adversary proceeding on October 13, 1998, in the bankruptcy court in the just-dismissed bankruptcy. The adversary proceeding was dismissed on January 15, 1999. The case was remanded to state court on January 20, 1999. On October 12, 1999,

---

[3] Mazon filed a Chapter 13 bankruptcy in October 1996 that was dismissed in March 1997 for failure to make timely payments into his Chapter 13 plan. Mazon filed another Chapter 13 bankruptcy in April 1997 that was dismissed in November 1997 for failure to make timely payments into his Chapter 13 plan. It appears that these two filings involved the same property as in this case but never resulted in an appeal to this Court.

Mazon filed a notice of removal. On April 19, 2000, the case was remanded to state court with a ruling that any further pleadings filed by Mazon would be met with sanctions.

In July 2000, the state court announced by letter its intent to grant summary judgment for Vanderbilt, which was followed by Mazon's filing his fourth Chapter 13 petition on August 1, 2000. On September 25, 2000, this bankruptcy was dismissed with prejudice to refile for 180 days. On December 15, 2000, Mazon filed his fifth bankruptcy petition. Instead of filing in the Southern District of Texas, Houston Division, as with his other bankruptcies, Mazon filed this bankruptcy in Corpus Christi, an improper venue. This bankruptcy was dismissed on February 20, 2001, with prejudice to refile for 180 days.

The state court had signed its judgment against Mazon on August 3, 2000. Acting on the principle that the judgment was void because signed while a stay was in place, Mazon filed a "motion for relief from judgment," pursuant to which the court appointed an auditor to review Mazon's claim that he had not been given proper credit for certain payments made. In January 2002, the state court entered an order setting the amount of debt and allowing foreclosure, from which this appeal ensued.[4] Before addressing Mazon's appellate issues, we first address two preliminary matters involving the finality of the judgment and Mazon's brief.

---

[4] After numerous extensions and delays in filing the record on appeal, this case was abated for certain findings relevant to indigence. The clerk's record was finally filed pursuant to the trial court's finding that Mazon could pay some, but not all, of the cost of the record. There was no reporter's record.

## Preliminary Issues

### *Finality of Judgment*

Vanderbilt's brief begins with a discussion of the finality of the judgment. We note that we do not discern a finality argument in Mazon's brief, only his assertion that the judgment is void based on bankruptcy issues. However, this court has jurisdiction only over an appeal from a final judgment or certain categories of interlocutory judgments not applicable here. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). Subject-matter jurisdiction can be raised by any party at any time or by the court *sua sponte*. *See Texas Ass'n of Business v. Texas Air Control Board*, 852 S.W.2d 440, 445 (Tex. 1993).

The court signed a summary judgment in Vanderbilt's favor on August 3, 2000. Because Mazon had already filed another bankruptcy on August 1, the judgment was void. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *Paine v. Sealey*, 956 S.W.2d 803, 806 (Tex. App.—Houston [14th Dist.] 1997, no pet.).[5] Accordingly, the case remained pending in state court because there was no final judgment. As discussed above, after appeals and removals, Mazon eventually filed his motion for relief from the August state court judgment. The court appointed an auditor "to reconcile the differences in evidence" based on Mazon's claim that he had made payments to Vanderbilt that had not been credited.[6] Then, on

---

[5] We note that this Chapter 13 filing included Vanderbilt as a party in violation of the April 1998 order.

[6] Some of Mazon's uncertainty about the crediting of payments may have arisen because two manufactured homes were involved. One, which he was not using as a residence, was handled separately from his Chapter 13 proceedings in that payments were made directly to the creditor rather

4

January 9, 2002, the court entered its final order fixing the amount of Mazon's indebtedness and granting Vanderbilt the right to foreclose.[7]

When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties. *Lehmann*, 39 S.W.3d at 205. To determine whether a judgment disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. *Id*. at 205-06.

In spite of the bankruptcy complications, ultimately this case involved two parties, both of whom were disposed of in the judgment. The issues presented to the state court were the amount of money that Mazon owed Vanderbilt and whether Vanderbilt was entitled to foreclose. Mazon's "counterclaim"[8] asserted that he had made payments to Vanderbilt that had not been properly credited and that Vanderbilt should not be allowed to foreclose. The order determined the final amount Mazon owed and authorized Vanderbilt to foreclose. By finding the correct total amount owed the court disposed of Mazon's claim of uncredited payments. By authorizing Vanderbilt to foreclose, the judgment dealt with Mazon's claim that Vanderbilt was not entitled to foreclose. Accordingly, the judgment was final because it disposed of all parties and all claims. *See id*. at 206.

---

than the trustee. This second manufactured home is not the subject of the appeal.

[7] From this point forward, there was no supersedeas or stay in place.

[8] Payment is actually an affirmative defense. *See* Tex. R. Civ. P. 94.

*Mazon's Brief and Amended Brief*

Mazon initially filed a brief raising three issues. Mazon then tendered an amended brief that raised an additional issue. Adding an issue in an amended brief is disfavored. *See Kanuco Technical Corp. v. Worldcom Network Servs., Inc.*, 979 S.W.2d 368, 374 n.6 (Tex. App.—Houston [14th Dist.] 1998, no pet.). However, when justice requires, an additional issue may be allowed. Tex. R. App. P. 38.7; *Smith v. Valdez*, 764 S.W.2d 26, 27 (Tex. App.—San Antonio 1989, writ denied) (court allowed pro se litigant to supplement brief that failed to raise any points of error). We grant Mazon's amended motion for leave to file his amended brief.[9] Mazon's issue four, the added issue, is not briefed separately and we discern no discussion of the issue in the argument under the other three issues. Accordingly, issue four is waived. *See* Tex. R. App. P. 38. For the balance of his issues, the argument and authorities are rather sparse and do not always match the issues. We have addressed his issues as we understand them.

**Discussion**

In his first issue, Mazon contends that the filing of this case was void because suit was filed during the pendency of an automatic stay. In his second issue, he contends that the trial court could not render summary judgment in this case because the filing of the suit was void. In his third issue, he contends that this case should be vacated because the court never acquired jurisdiction.

The initial petition was filed in January 1998. The first amended petition was filed July 23, 1998. Under the April 1998 order of the bankruptcy court, Vanderbilt was authorized to

---

[9] We dismiss Mazon's original motion for leave to file amended brief. The appendices already stricken from the first brief remain so.

6

proceed with the state court litigation if Mazon failed to comply with payment terms ("the automatic stay shall terminate as to [Vanderbilt] without further recourse to this Court"). In its amended petition, Vanderbilt alleged that Mazon had once again defaulted on multiple payments. Vanderbilt had sent Mazon the proper notice of the deficiencies, given Mazon the opportunity to cure, and so was entitled to proceed with its suit under the bankruptcy court order.

This is not a case in which the state court took an action based on failure to perform some act during the pendency of the stay. Mazon did not answer the original January 1998 court petition, but no consequences were imposed in the state court litigation—for example, no default judgment was taken based on that failure to answer. No action occurred until Vanderbilt filed its amended petition pursuant to the express termination of the stay as to it. Mazon then answered that amended petition and the case proceeded as if the amended petition had been the first event.

An amended petition takes the place of the original. *See* Tex. R. App. P. 65 (instrument for which amended pleading substituted no longer part of record). We conclude that the filing of the amended petition under the lift of stay was sufficient to invoke the trial court's jurisdiction. *See In re Estes*, 153 S.W.3d 591, 600 (Tex. App.—Amarillo 2004, orig. proceeding[10]) (citing *Perry v. Del Rio*, 66 S.W.3d 239, 253 (Tex. 2001)) (jurisdiction determined by facts in amended pleading); *see also Ullman v. Verne*, 4 S.W. 548, 549 (Tex. 1887) (amended petition cured problem of filing on statutorily prohibited day). The amended pleading in this case showed that it was filed under the bankruptcy court's termination of the stay. Accordingly, the filing of the case was not void; the trial court acquired subject-matter jurisdiction over this case.

---

[10] Overruled in part on other grounds by *Powell v. Stover*, 165 S.W.3d 322, 328 (Tex. 2005).

In his second issue, Mazon contends that the trial court could not have rendered judgment in this case because it never acquired jurisdiction. We have decided that the trial court did acquire jurisdiction. The final judgment was not rendered in violation of any automatic stay as its rendition and signing occurred at a time when no stay applied. We overrule Mazon's second issue. In his third issue, Mazon contends that the case should be vacated because of the lack of jurisdiction. Because we have held that the trial court properly acquired jurisdiction and properly rendered judgment, no basis exists to set aside its judgment in this case. We overrule Mazon's third issue.

**Conclusion**

We have overruled Mazon's three issues. We affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: July 28, 2006

8