Petition for Writ of Mandamus Denied and Memorandum Opinion filed April
10, 2008








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed April 10, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00065-CV

____________

 

IN RE AMY BURK, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I
O N

On
January 31, 2008, relator Amy Burk filed a petition for writ of
mandamus.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  Relator asks this
court to compel the Honorable Douglas C. Warne to set aside his order
overruling her plea to the jurisdiction and to dismiss the suit filed by Austin
Burk.  We deny relator=s petition.








                                                                BACKGROUND

Austin
and Amy married and resided in Denver, Colorado from July 2004 to May 2006,
when Austin moved to Waco, Texas.  Amy moved to Waco the following month.  On
April 30, 2007, a daughter, C.B. was born in Waco.  From her birth, C.B.
resided with her parents in Waco.  Amy and C.B. visited her parents in Colorado
from June 30 to July 15, 2007.  After returning to Waco, Amy and Austin began
packing on July 22 to move to Houston, Texas.  Austin went to Houston on July
27.  On July 27 or 28, Amy moved with C.B. to live with her parents in
Colorado.  

On
September 29, 2007, Amy filed a APetition for Allocation of Parental
Responsibilities@ in Colorado.  On October 12, 2007, Austin filed an AOriginal Petition for Divorce@ which included a ASuit Affecting the Parent-Child
Relationship@ (SAPCR) in Texas.  On November 26, 2007, Amy filed a plea to the
jurisdiction in the Texas suit. 

The
Texas trial court found there was no basis upon which the Colorado court could
exercise jurisdiction under Section 152.206 of the Family Code.  See Tex. Fam. Code. Ann. ' 152.206.  Further, the Texas trial
court found that the case is controlled by section 152.102(7) and that on the
date the parties were separated, Texas was the Ahome state.@  See Tex. Fam. Code. Ann. ' 152.102(7).  Amy=s plea to the jurisdiction was denied
by the trial court.

In her
petition, Amy argues that C.B. has no Ahome state,@ and that, under a Asignificant connections@ analysis, Colorado should exercise
jurisdiction.  Austin contends Colorado cannot exercise jurisdiction
substantially in conformity with chapter 152 and the Texas court is free to
exercise its jurisdiction because Texas was C.B.=s Ahome state@ within six months before suit was
filed.  See Tex. Fam. Code Ann.
'' 152.101‑.317.








                                                        STANDARD
OF REVIEW

When a
Texas court has asserted jurisdiction over a child custody matter contrary to
the Uniform Child Custody Jurisdiction and Enforcement Act ( the AUCCJEA@),  mandamus is appropriate.  See
Tex. Fam. Code Ann. '' 152.101-.317.  See also Geary v.
Peavy, 878 S.W.2d 602, 604‑05 (Tex.1994).[1] 
Whether a trial court has subject matter jurisdiction is a question of law
reviewed de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex.1998); see also Powell v. Stover, 165 S.W.3d 322, 325 (Tex.
2005) (orig. proceeding).  A trial court abuses its discretion if it fails to
analyze or apply the law correctly.  Walker v. Packer, 827 S.W.2d 833,
840 (Tex.1992) (orig. proceeding). 

             UNIFORM
CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT








The
UCCJEA replaced the previously adopted Uniform Child Custody Jurisdiction Act
(the AUCCJA@).  See Powell v. Stover, 165
S.W.3d 322, 325 (Tex. 2005) (orig. proceeding).  Before the UCCJEA was
effective, there was no priority within the four bases for jurisdiction over a
custody dispute, leading to simultaneous exercise of jurisdiction in
child-custody cases in different states.  Id.  The UCCJEA is designed to
make determination of jurisdiction more straightforward by prioritizing
home-state jurisdiction.  Id. at 326.  Under the UCCJEA, the legislature
sought to avoid  jurisdictional competition and conflict that results when
courts in different states determine jurisdiction based on subjective factors. 
Id.  The UCCJEA was intended to give prominence to objective factors and
should be construed in such a way as to strengthen rather than undermine the
certainty that prioritizing home‑state jurisdiction was intended to
promote.  Id.  The purposes behind the UCCJEA suggest that a child=s physical location is the central
factor to be considered when determining a child=s Ahome state.@  Id.  The Texas Family Code
prioritizes home‑state jurisdiction by providing, in pertinent part, that
a court of this state has jurisdiction to make an initial child custody
determination only if:

(1) this state is the home state of the child on the date of the
commencement of the proceeding, or was the home state of the child within six
months before the commencement of the proceeding and the child is absent from
this state but a parent or person acting as a parent continues to live in this
state;

(2) a court of another state does not have jurisdiction under
Subdivision (1), or a court of the home state of the child has declined to
exercise jurisdiction on the ground that this state is the more appropriate
forum under Section 152.207 or 152.208, and:

(A) the child and the child's parents, or the child and at least one
parent or a person acting as a parent, have a significant connection with this
state other than mere physical presence;  and

(B) substantial evidence is available in this state concerning the
child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under Subdivision (1) or (2) have
declined to exercise jurisdiction on the ground that a court of this state is
the more appropriate forum to determine the custody of the child under Section
152.207 or 152.208;  or

(4) no court of any other state would have jurisdiction under the
criteria specified in Subdivision (1), (2), or (3).

 

See Tex.
Fam. Code Ann. ' 152.201(a).   AIn the case of a child less than six
months of age, the term [Ahome state@] means the state in which the child lived from birth with a
parent or a person acting as a parent.@  Id. ' 152.102(7). Because this case
involves an initial child‑custody determination, and home‑state
jurisdiction has priority, the issue is whether Texas or Colorado was C.B.=s home state on the date of, or
within six months before, commencement of the proceeding.  








                                                                    ANALYSIS

Because
the suit in Colorado was filed first, the Texas court is precluded from
exercising its jurisdiction if the Colorado court has jurisdiction
substantially in conformity with chapter 152.  See Tex. Fam. Code Ann. ' 152.206(a); see also Geary
v. Peavy, 878 S.W.2d 602, 604 (Tex. 1994).  Both parties agree that
Colorado was not C.B.=s home state on the date of, or within six months before, the
commencement of the Colorado proceeding.  See Tex. Fam. Code Ann. ' 152.201(a)(1).  Therefore, Colorado
may exercise jurisdiction only if Texas does not have jurisdiction under
subdivision (a)(1).[2]  See Tex. Fam. Code Ann. ' 152.201(a)(2).








As
reflected in section 152.207(a)(1), Texas would have jurisdiction to make an
initial child custody determination if Texas were the child=s home state on the date suit was
filed in Texas, or was the child=s home state within six months of the
date suit was filed in Texas, provided the child is absent from Texas but one
parent is living in Texas.  Austin does not contend that Texas was C.B.=s home state on the date of the
commencement of the proceeding, October 12, 2007.  See In re McCoy, 52
S.W.3d 303, 304 (Tex. App. B Corpus Christi 2001, orig. proceeding) (holding that the
operative date for determining whether Texas has jurisdiction is the date suit
was filed in Texas); see also In re Calderon-Garza, 81 S.W.3d 899 (Tex.
App. B El Paso 2002, orig. proceeding)
(holding Texas was the home state on the date of the commencement of the proceeding
where the child lived in El Paso for the entirety of his life immediately
before the date the proceeding commenced).  The record reflects on October 12,
2007, C.B. was absent from Texas but Austin continued to live in the state.   
On October 12, 2007, C.B. was in Colorado.  However, Austin continued to live
in Texas on October 12, 2007.  Pursuant to section 152.201(a)(1), then, the
question is whether Texas was C.B.=s home state within six months before
commencement of the
proceeding. 

Amy
contends Texas is not the Ahome state@ because Ahome state@ is defined as Athe@ state in which the child lived from
birth. See Tex. Fam. Code Ann.
' 152.102(7).  Amy contends this means
the child must have lived in only one state from birth.  Amy argues C.B. has
not lived in Texas, i.e., Athe state,@ from birth because C.B. lived in more than one state
before commencement of the proceeding.  Austin disagrees with Amy=s interpretation of this language. 
He claims the language requires only that Texas must have been the child=s home state at some time within
six months before commencement of the proceeding.  Austin points out that
C.B. lived in Texas from birth until July 27, when Amy moved her to Colorado. 
As a result, Texas was C.B.=s home state at least until July 27.  Since July 27 is within
six months of October 12, when Austin brought suit in Texas, section
152.201(a)(1) gives Texas jurisdiction to make an initial child custody
determination. 

There is
no Texas authority directly on point.  However, in In re Estes, 153 S.W.3d
591, 598 (Tex. App. B Amarillo 2004, orig. proceeding),[3]
the court considered the Awithin six months@ provision of subdivision (a)(1) and
noted Athat as of the filing of the Texas
proceeding on February 11, 2004, the children had not lived in Texas for at
least six consecutive months immediately preceding the filing, nor was there
any date during the six months preceding February 11, 2004, at which the
children lived in Texas for at least six consecutive months immediately
preceding such date.@  Id. (emphasis added).  








In re
Estes did not
involve a child less than six months of age but subdivision (a)(1) does not
distinguish between a child more than six months and one less than six months
of age.  The statutory language refers to Ahome state,@ a term with two definitions.  See
Tex. Fam. Code Ann. ' 152.102(7).  When interpreting
statutes, our objective is to give effect to legislative intent and so we look
first to the plain and common meaning of the statute=s words.  See Powell, 165
S.W.3d at 326.  There is no indication the legislature intended Athe home state . . .within six
months,@ to apply only to children six months
of age or older.

We agree
with Austin=s interpretation.  The statute provides that Texas has jurisdiction to
make an initial child custody determination if it was the home state within six
months before commencement of the proceeding, and the child is absent from
Texas but a parent continues to live in Texas.  The Texas proceeding was filed
on October 12, 2007.  On that date, C.B. had lived in Texas from birth to July
27 or 28, 2007, when Amy moved with her to Colorado.  July 27 or 28, 2007, is a
date during the six months preceding October 12, 2007.  Accordingly, Texas was
the home state within six months before the Texas proceeding commenced and
Texas has jurisdiction under section 152.201(a)(1).  

Because
there is a court of another state that has jurisdiction under section
152.201(a)(1), the Colorado court does not have jurisdiction in substantial
conformity with chapter 152 to make an initial child custody determination. 
Consequently, section 152.206 does not preclude the Texas court from exercising
jurisdiction.








As the Powell
court recognized, this does not mean the Texas court is required to
exercise its jurisdiction.  See Powell, 165 S.W.3d at 327.  The Family
Code provides flexibility to avert potential injustice once the home state has
been determined.  See Tex. Fam. Code '' 152.207 and 152.208.  For example,
the home-state court can defer jurisdiction if the court is an inconvenient
forum under the circumstances and a court in another state would provide a more
appropriate forum.  See Tex. Fam. Code ' 152.207.  AApplying a physical-presence test to
determine home-state jurisdiction, then allowing that court to consider the
forum=s relative convenience, creates
jurisdictional certainty without diluting the significance of the underlying
facts and circumstances presented in an individual case.@ Powell, 165 S.W.3d at 327. 
The question of whether Colorado is a more appropriate forum is a determination
that must be made by the trial court in the home state, which in this case is
Texas.

                                                                 CONCLUSION

The
trial court correctly concluded that it has jurisdiction because Texas was C.B.=s Ahome state@ within six months before Austin
filed the Texas proceeding.  Accordingly, the trial court did not abuse its
discretion in denying Amy=s plea to the jurisdiction.  Id. Relator=s petition for writ of mandamus is
denied.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Petition
Denied and Opinion filed April 10, 2008

Panel
consists of Justices Fowler, Frost and Seymore.

 









            [1]  Generally, an
appellate court should deny mandamus relief if another adequate remedy is
available.  See Street v. Second Court of Appeals, 715 S.W.2d 638, 639‑40
(Tex.1986) (orig. proceeding).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  However, in jurisdictional
disputes arising from child custody proceedings, the relator need not
demonstrate the inadequacy of an appellate remedy.  In re Lambert, 993
S.W.2d 123, 127 (Tex. App. B San Antonio
1999, orig. proceeding); In re Jeffries, 979 S.W.2d 429, 433 (Tex.App.‑Waco
1998, orig. proceeding).

 





            [2]Texas has not
declined to exercise jurisdiction.  Therefore, the Colorado court cannot
exercise jurisdiction under section 152.201(a)(3).





            [3]We are aware the
court in Powell disapproved of Estes to the extent it conflicted
with the court=s application of a Aphysical-presence@ test to determine home-state jurisdiction.  See
Powell, 165 S.W.3d at 328.  The Estes court considered subjective
intent in determining the children had Alived@ in Nebraska for over seven months before suit was
filed.  That analysis does not distinguish Estes from the case at bar in
any significant manner.