Candice Robinson GEARY, Relator,

v.

The Honorable John W. PEAVY,
Jr., 246th Judicial District
Court, Respondent.

No. 94–0466.

Supreme Court of Texas.

June 22, 1994.

Pamela E. George, Glenn H. Johnson,
Houston, for relator.

Kathleen W. Osman, Stewart W. Gagnon,
Terriann Trostle, Houston, for respondent.

PER CURIAM.

In this original mandamus proceeding aris-
ing from an interstate child custody dispute,
relator challenges the jurisdiction of the Tex-
as courts to adjudicate custody. Because we
conclude that the trial court was precluded
from exercising jurisdiction, and because un-
der the circumstances of this case relator is
entitled to raise this issue by mandamus, we
conditionally grant the writ.

Felicia and Natasha Schlaepfer, twins who
are now five years old, were orphaned on
September 2, 1993, when their father Robert
Schlaepfer died. The twins' mother had pre-
deceased Robert. The children resided with
their father in Duluth, Minnesota, continu-
ously until his death.

Robert's mother Phyllis Durichek, a long-
time Texas resident, stayed with the family
in Duluth from April 29, 1993, until her son's
death. At that time, she promptly took the
children back to Houston to live with her.
Although it is unclear exactly when she left
Minnesota, Durichek was residing with the
children in Houston by September 10, 1993.
The children have continued to live with her
there since that time.

On September 3, the day after Robert's
death, relator Candice Geary obtained an ex
parte order from a Minnesota state district
court awarding her temporary custody of the
children. Although not a family member,
Geary had been named guardian of the chil-
dren in Robert's will, the validity of which is
disputed by Durichek. The court set a hear-
ing for a month later, issuing a summons to
Durichek. Although the ex parte order was
signed September 3 and states that it was
rendered "pursuant to Petitioner's Petition,"
which is likewise dated September 3, none of
these documents were file-stamped by the
Minnesota clerk until September 14.

On September 10, Durichek, who had returned to Houston with the children, filed a Suit Affecting Parent–Child Relationship (SAPCR) in Houston seeking appointment as sole managing conservator. She did not name Geary in the petition and did not have her served. While Durichek had not yet been served with the Minnesota summons when she filed the SAPCR, she was served on the evening of September 10, although she claims that she never read the papers she received.

The Houston court heard Durichek's SAPCR on September 15. Despite having been served five days earlier, Durichek did not inform the court of the Minnesota proceedings, testifying instead that no other person had a legal relationship with the children. Following a perfunctory hearing, the court named her sole managing conservator, signing a decree that same day.

Meanwhile, armed with her September 3 ex parte custody order, Geary filed a habeas corpus petition in Houston on September 16, seeking possession of the children. After learning of the SAPCR a short time later, Geary also filed a motion to vacate and set aside that decree. On September 30, after consolidating Geary's habeas case with the SAPCR, the Houston court heard evidence on the motion to vacate. Geary presented evidence of the Minnesota proceedings and of the September 10 service on Durichek, and also established that the twins had continuously lived in Minnesota until their father's death on September 2. Geary argued that, under the Uniform Child Custody Jurisdiction Act, Minnesota was the twins' "home state," depriving Texas of custody jurisdiction. The court, apparently rejecting this argument, denied the motion to vacate on October 4, and overruled Geary's motion to reconsider on November 17. Geary did not attempt to appeal from either of those orders.

The Minnesota court subsequently held a hearing on October 18, at which Durichek appeared through counsel. The court affirmed its earlier order awarding Geary temporary custody, basing jurisdiction on its findings that 1) Minnesota was the twins' home state; and 2) the Texas SAPCR decree was not controlling because that court lacked jurisdiction.

Citing this new temporary order, Geary filed an amended habeas corpus petition in Houston on January 18, 1994, which was assigned to the same court hearing the SAPCR. This petition, which raised essentially the same arguments heard earlier, was denied on February 24.

On May 27, 1994, after hearing evidence concerning the children's respective relationships with Geary and Durichek, and their connections to Minnesota, the Minnesota court rendered a final decree awarding custody to Geary.

Geary seeks mandamus relief compelling the district court in Houston to vacate its SAPCR decree and dismiss that proceeding for want of jurisdiction and to grant the amended habeas petition. The court of appeals denied mandamus relief on March 31, 1994, and denied Geary's motion for rehearing on April 21, 1994.

■ We first address whether Geary is entitled to raise this jurisdictional challenge by mandamus. Generally, mandamus relief is not available where relator has an adequate remedy by ordinary appeal. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). Durichek asks that we apply that rule here to deny relief, contending that Geary could have appealed from the October 4 order denying her motion to vacate the SAPCR decree.

■ In *Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973), we held that void or invalid trial court judgments rendered without jurisdiction could be challenged by mandamus, even though the relator failed to pursue an available appellate remedy. We have not directly addressed whether the *Dikeman* rule survives *Walker,* and we find it unnecessary to decide that broad issue here. Regardless of whether the *Dikeman* rule still generally prevails, the unique and compelling circumstances of this case dictate that it be applied here to resolve this jurisdictional dispute that has led to conflicting child custody orders. We therefore address Geary's jurisdictional challenge.

■ Jurisdiction to determine child custody is governed by Texas Family Code §§ 11.51–11.75, which closely parallels the Uniform Child Custody Jurisdiction Act. Although Geary first argues that none of the alternative bases for jurisdiction under section 11.53 apply here, it is unnecessary to decide that issue. Even if jurisdiction exists under section 11.53, the trial court was precluded from exercising that jurisdiction under section 11.56(a), which provides as follow:

> (a) A court of this state may not exercise its jurisdiction under this subchapter if, at the time of filing the petition, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subchapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

We conclude that the Minnesota proceeding was initiated on September 3, before the SAPCR was filed in Texas, even though Geary's petition was not file-stamped until September 14. As noted, the Minnesota court signed a temporary order on September 3, which recites that it was issued pursuant to Geary's petition, which is likewise dated September 3. Moreover, the Minnesota court expressly found in its October 20 order that it "took jurisdiction of this matter on September 3, 1993, by signing an Ex Parte Order granting custody of these minor children to Candice Robinson Geary." Although Durichek challenges the court's power to issue this order on an ex parte basis, she presents no authority that the court lacked *jurisdiction over the proceeding* on September 3 because the petition was not file-stamped by the clerk until later. We therefore conclude that a "proceeding concerning the custody of the child" was already pending in Minnesota when the SAPCR was filed in Texas on September 10, 1993.

■ We next must determine whether the Minnesota court exercised jurisdiction "substantially in conformance with [Subchapter 11B of the Texas Family Code]." This requirement is satisfied if Minnesota was the girls' "home state" on September 3, as that court concluded. *See* Tex.Fam.Code § 11.53(a)(1)(A). "Home state" is defined as follows:

> "Home state" means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months.... Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

Tex.Fam.Code § 11.52(5). It is undisputed that the girls resided in Minnesota with their father from birth until at least September 2, when Robert died. On this record, we find that Minnesota was the girls' home state on September 3, as there is no direct evidence that Durichek had removed them from the state at that time or, if so, whether they had arrived in Texas. Accordingly, we conclude that section 11.56(a) precluded the trial court from exercising jurisdiction.

Texas Family Code section 11.56(c) provides for the following procedure when the court learns of custody proceedings pending in another state *after* the court assumes jurisdiction:

> (c) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with Sections 11.69 through 11.72 of this code. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state, it shall immediately inform that court of the fact....

Although the court below should have communicated with the Minnesota court upon learning of those proceedings, we do not believe that requiring it to do so at this point would further justice, as the Minnesota court—the court first acquiring jurisdiction—has already rendered a final decree.

Accordingly, without hearing oral argument, a majority of the Court conditionally grants the writ of mandamus compelling the

trial court to vacate its September 15, 1993, SAPCR decree and to dismiss the SAPCR proceedings for lack of jurisdiction. The writ will issue only if the trial court fails to comply. Geary may re-urge her request for habeas corpus relief in light of our decision today.