NUMBER 13-06-457-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







IN RE CONTINENTAL CASUALTY COMPANY






On Petition for Writ of Mandamus






MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Castillo and Garza


Memorandum Opinion by Justice Castillo



 Relator, Continental Casualty Company, brings this petition for writ of
mandamus, complaining of the trial court's denial of Relator's plea to the jurisdiction. 
Relator contends real party in interest, Manuel Cortez, Jr., failed to exhaust all
administrative remedies before the workers compensation commission prior to bringing
the underlying suit. (1)

Mandamus Relief and a Plea to the Jurisdiction

 Mandamus relief is available and appropriate only if the trial court clearly abused
its discretion and the relator has no adequate remedy by appeal. In re Entergy Corp.,
142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding) (citing In re S.W. Bell Tel. Co.,
35 S.W.3d 602, 605 (Tex. 2000)). Traditionally, mandamus does not lie to correct
incidental trial court rulings where there is an adequate remedy by appeal. Id. (citing
Bell Helicopter Tex-tron, Inc. v. Walker, 787 S.W.2d 954, 955 (Tex. 1990)
(concluding mandamus is not appropriate to review a trial court's ruling on a plea to
the jurisdiction)). The fact that a party will be forced to endure the "hardship" of a
full-blown trial if mandamus is declined is insufficient in itself to dictate mandamus
relief. Id. at 321. 

 However, in certain circumstances, incidental trial court rulings may be
corrected by writ of mandamus. Id. (citing Geary v. Peavy, 878 S.W.2d 602, 603
(Tex. 1994) (finding mandamus appropriate to resolve jurisdictional dispute between
state courts); State Bar of Tex. v. Jefferson, 942 S.W.3d 575, 575-76 (Tex. 1997)
(finding mandamus appropriate to address trial court's jurisdiction to stay
administrative grievance proceeding)). The Supreme Court has found that where
exclusive jurisdiction vests in a state agency authority, judicial appropriation of that
authority would disrupt the "orderly processes of government," and the circumstance
warrants an exception to the general proscription against using mandamus to correct
incidental trial court rulings. Id.; cf. In re Bay Area Citizens Against Lawsuit Abuse,
982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding). 

 Subsequent to the ruling in In re Entergy Corp., 142 S.W.3d at 321, the
Amarillo Court of Appeals accepted jurisdiction by mandamus to review a trial court's
denial of a plea to the jurisdiction where exclusive jurisdiction vested in the tax
appraisal district and appraisal review board. In re ExxonMobil Corp., 153 S.W.3d
605, 614-15 (Tex. App.-Amarillo 2004, orig. proceeding). "When the Legislature has
given exclusive jurisdiction to an administrative body, a litigant's failure to exhaust all
administrative remedies before seeking judicial review of the administrative body's
action deprives the court of subject matter jurisdiction over claims with the body's
exclusive jurisdiction, and the court must dismiss such claims without prejudice." Id.
at 618 (citing In re Entergy Corp., 142 S.W.3d at 323). (2) The Amarillo Court
concluded that because exclusive jurisdiction vested elsewhere and because there was
evidence of many similar then-pending cases, resort to appeal instead of mandamus
did not provide an adequate remedy for the trial court's error in failing to grant the plea
to the jurisdiction. Id. at 619. 

 The Dallas Court of Appeals has also dealt with a trial court's denial to the plea
to the jurisdiction by mandamus. See In re Texas Mut. Ins. Co., No. 05-05-00944-CV,
2005 Tex. App, LEXIS 5823 (Tex. App.-Dallas July 27, 2005, orig. proceeding)
(designated for publication). There, the relator, in its plea to the jurisdiction,
contended that the real party in interest had failed to exhaust all administrative
remedies in pursuing his workers compensation claim. (3) The Dallas court, relying on
In re Entergy Corp., 142 S.W.3d at 321-22, concluded that because exclusive
jurisdiction vested in the workers compensation commission, "[t]o allow the lawsuit
to proceed when the trial court does not have jurisdiction to resolve the issues would
interfere with the Commission's authority and disturb the "orderly processes of
government." Id. at *7. Consequently there was no adequate remedy by appeal, and
mandamus jurisdiction vested in the appellate court. Id. at *7-*8. 

 We do not find before us the extraordinary circumstances present in these other
cases. In re Entergy involved an effort by utility customers to completely circumvent
the jurisdiction of the Public Utilities Commission by initiating a breach of contract
action in the trial court. In re Entergy Corp., 142 S.W.3d at 320. In re ExxonMobil
Corp., 153 S.W.3d at 619, involved other similar then-pending cases that called for
early appellate resolution of the exclusive jurisdiction issue that could aid in
adjudication of the other cases and minimize the disruption of processes of
government. Id. In re Texas Mut. Ins. Co., No. 05-05-00944-CV, 2005 Tex. App.
LEXIS 5823, involved a circumstance where no attempt had been made to seek
administrative remedy before the Workers' Compensation Commission. Based on the
foregoing, we conclude that Relator has failed to establish a judicial appropriation of
state agency authority warranting relief through mandamus proceedings such that it
lacks an adequate remedy by appeal. (4) 

 The petition for writ of mandamus is denied. 



 ERRLINDA CASTILLO

 Justice


 


Memorandum Opinion delivered and filed

this 21st day of November, 2006.

 












 
1. The underlying matter arises out of an injury sustained in 1987, and is therefore subject to
statutes then in effect. The challenged award, denying compensation benefits, was issued March 18,
2005. The workers compensation commission, earlier known as the Industrial Accident Board, has
since been re-identified as the Texas Department of Insurance, Division of Workers Compensation. 
For ease, this opinion will refer to the "Workers Compensation Commission," or the "Commission." 
2. Under the exclusive jurisdiction doctrine, the legislature grants an administrative agency the
sole authority to make an initial determination in a dispute. See Cash Am. Int'l, Inc. v. Bennett, 35
S.W.3d 12, 15 (Tex. 2000). An agency has exclusive jurisdiction when a pervasive regulatory scheme
indicates that the legislature intended for the regulatory process to be the exclusive means of
remedying the problem to which the regulation is addressed. See Subaru of America, Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002). Whether an agency has exclusive jurisdiction
depends on statutory interpretation. Id. Typically, if an agency has exclusive jurisdiction, a party must
exhaust all administrative remedies before seeking judicial review of the agency's action. See Bennett,
35 S.W.3d at 15. Until then, the trial court lacks subject matter jurisdiction and must dismiss without
prejudice the claims within the agency's exclusive jurisdiction. Subaru, 84 S.W.3d at 221. In other
words, exclusive jurisdiction is jurisdictional. Id. at 220.
3. The Texas Mutual real party in interest never sought any administrative review of the carrier's
denial of alternative procedures. In re Texas Mut. Ins. Co., No. 05-05-00944-CV, 2005 Tex. App,
LEXIS 5823 (Tex. App.-Dallas July 27, 2005, orig. proceeding) (designated for publication). 
4. See In re Zurich Am. Ins. Co., 2006 Tex. App. Lexis 3780, at *2 (Tex. App.-Beaumont 2005,
orig. proceeding) (per curiam).