IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-1043
════════════
 
In re Texas Department of 
Family and Protective Services
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Justice O’Neill, dissenting.
Two years 
ago, the court of appeals granted Joy Higdon (the children’s mother) and Ruby 
Ludwig (the children’s great-grandmother) mandamus relief, holding that the 
trial court was required to dismiss the Department’s suit seeking termination of 
Higdon’s parental rights because no final judgment was rendered within the time 
limit established by section 263.401 of the Family Code. We stayed that order, 
and presumably the children have remained in foster care pending the outcome of 
these proceedings. The Court now agrees that the trial court was required to 
dismiss the case, but holds that the court of appeals erred in granting mandamus 
relief because Higdon and Ludwig had an adequate remedy in the accelerated 
appeal afforded by section 263.405 of the Family Code. Neither the Department 
nor any of the real parties in interest raise this issue, perhaps because it is 
inconsistent with our mandamus jurisprudence. Because I believe that mandamus 
review is appropriate in this case, I respectfully dissent.
First, as the 
Court acknowledges, we have regularly granted mandamus relief in cases affecting 
child custody. See, e.g., Powell v. Stover, 165 S.W.2d 322, 
324 (Tex. 2005); In re Forlenza, 140 S.W.3d 373, 379 (Tex. 2004). 
Child-custody proceedings touch on constitutional interests of parents and 
critical issues affecting children’s welfare. In re M.S., 115 S.W.3d 534, 
547 (Tex. 2003). In this sensitive context, we have afforded mandamus review 
even though an appeal may have been available. Geary v. Peavy, 878 S.W.2d 
602, 603 (Tex. 1994). 
I agree with 
the Court that mandamus is generally not available to a party that has an 
adequate remedy by appeal. But we have said that the concept of “adequacy” is 
not inexorably fixed, and “rigid rules are necessarily inconsistent with the 
flexibility that is the remedy’s principal virtue.” In re Prudential Ins. 
Co., 148 S.W.3d 124, 136 (Tex. 2004). In recent years, we have allowed 
mandamus review to protect interests of far less consequence than those at stake 
in this case. We have, for example, granted mandamus relief to a party 
wrongfully denied arbitration, Jack B. Anglin Co. v. Tipps, 842 S.W.2d 
266 (Tex. 1992); a party seeking to enforce a forum-selection clause, In re 
AIU Ins. Co., 148 S.W.3d 109 (Tex. 2004); a party seeking relief from 
overbroad discovery orders, In re CSX Corp., 124 S.W.3d 149 (Tex. 2003); 
a party seeking to enforce a pre-trial jury waiver, In re Prudential Ins. 
Co., 148 S.W.3d 124; and a party denied a legislative continuance under § 
30.003 of the Texas Civil Practice and Remedies Code, In re Ford Motor 
Co., 165 S.W.3d 315, 322 (Tex. 2005). Yet when a child lingers in foster 
care while the legal process determines whether the parental relationship will 
be forever severed, the Court decides that an adequate appellate remedy 
precludes mandamus review. Under the circumstances this case presents, I 
disagree.
On the dates 
Higdon and Ludwig filed their mandamus petitions in the court of appeals, August 
11 and 12, 2004, respectively, no appeal was then available because the trial 
court had not yet rendered a final judgment. I seriously doubt that the Court 
would question the propriety of mandamus relief if, for example, the trial court 
had denied Higdon and Ludwig’s motion to dismiss and issued a six-month 
continuance. Further, although the trial court did enter a judgment terminating 
parental rights and appointing the Department the children’s managing 
conservator on August 13th, after the mandamus petition was filed, the trial 
court had no power to render any judgment but dismissal under both the court of 
appeals’ and this Court’s construction of the Family Code. At this point in the 
proceedings, it is questionable whether Ludwig or Higdon will be able to appeal 
the trial court’s judgment. See Tex. R. App. P. 26.1(b) (notice of 
appeal in accelerated appeal must be filed within 20 days after the judgment or 
order is signed).
This Court 
has suggested that a party may be excused from pursuing an appellate remedy when 
a trial court acts with a “complete lack of authority” in a manner that 
adversely affects our legal system, or if it commits an error that is clear and 
simple to correct. In re Prudential Ins. Co., 148 S.W.3d at 137. In this 
case, the Court agrees that the trial court lacked authority to do anything but 
dismiss the Department’s action. The error was clear, and the solution 
straightforward — an order directing the trial court to dismiss the case. While 
the overall effect on the legal system of the trial court’s failure to dismiss 
may not be widespread, the consequence to the family in this case is deep and 
potentially irremediable. If the avenue of appeal proves to be foreclosed in 
this case, the family will be permanently dissolved even though the path to 
review that Ludwig and Higdon chose was entirely appropriate at the time. Under 
these circumstances, I would deny the Department’s petition for writ of 
mandamus.
 
 
 
__________________________________________
Harriet 
O’Neill
Justice
 
 
OPINION DELIVERED: December 15, 
2006.