

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-15-00244-CV

**IN RE** Sandra **SANDOVAL**

Original Mandamus Proceeding[1]

Opinion by:    Jason Pulliam, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Jason Pulliam, Justice

Delivered and Filed:  August 12, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On April 23, 2015, relator Sandra Sandoval filed a petition for writ of mandamus, complaining of the trial court's order denying her plea to the jurisdiction in the underlying suit to adjudicate parentage. We conclude the trial court's order constitutes an abuse of discretion for which Sandoval would have no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Therefore, we conditionally grant mandamus relief.

### BACKGROUND

In 2002, Sandra Sandoval adopted a baby, N.I.V.S., shortly after birth. Two years later, she adopted a second baby, M.C.V.S. The parental rights of the biological parents were terminated and

---

[1] This proceeding arises out of Cause No. 2015-CI-04420, styled *In the Interest of N.I.V.S. and M.C.V.S., Minor Children*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Gloria Saldaña presiding.

Sandoval adopted the children by herself. At the time of both adoptions, Sandoval was in a romantic relationship with Dino Villarreal, the real party in interest in this original proceeding.

Dino was born a female, named Diana, but was raised as a boy and has self-identified as a male for all of his adult life. Dino moved in with Sandoval in 1994 and lived with her, and later the two children, until January 2011 when Dino and Sandoval separated.

In December 2013, Dino filed a petition to adjudicate parentage and a motion for temporary orders, after Sandoval allegedly refused to allow any further contact between Dino and the children.[2] On January 3, 2014, in a separate cause of action, Dino obtained an Order Granting Change of Identity, which acknowledged his name change from Diana to Dino[3], and included the following finding: "3. Petitioner's sex is male." Following the trial court's findings, the order concluded, "IT IS ORDERED that Petitioner's identity is changed from female to male."[4]

Sandoval filed a plea to the jurisdiction in Dino's suit to adjudicate parentage, challenging Dino's standing to maintain the suit. The trial court granted Sandoval's plea to the jurisdiction, finding that Dino lacked standing to bring a suit to adjudicate parentage and lacked standing to seek conservatorship, possession and access to the children. Dino appealed and this court affirmed the trial court's judgment granting Sandoval's plea to the jurisdiction on March 11, 2015. *In the Interest of N.I.V.S.*, No. 04-14-00108-CV, 2015 WL 1120913, at *1 (Tex. App.—Mar. 11, 2015, no pet.).

Five days after this court issued its opinion, Dino filed a second suit to adjudicate parentage. In his petition, Dino asserts that he has statutory standing to bring suit as, "a man

---

[2] This suit was filed on December 9, 2013, in Cause No. 2013-CI-20008, styled *In the Interest of N.I.V.S. and M.C.V.S., Minor Children*, in the 57th Judicial District Court, Bexar County, Texas.

[3] Dino had previously obtained an order granting his name change in November 2013.

[4] The Order Granting Change of Identity was signed in Cause No. 2013-CI-20403, styled *In the Interest of Dino Villarreal, An Adult*, filed in the 407th Judicial District Court, Bexar County, Texas.

alleging himself to be the father of the minor children." *See* TEX. FAM. CODE ANN. § 102.003(a)(8) (West 2014). Dino requested, among other things, temporary orders appointing him a joint managing conservator of the two minor children, and equal periods of possession and access with Sandoval.

Sandoval again filed a plea to the jurisdiction challenging Dino's standing to bring suit. The trial court signed an order on April 17, 2015, denying Sandoval's plea to the jurisdiction, as well as her request for genetic testing and motion for sanctions. The trial court then proceeded to a hearing on temporary orders, eventually allowing Dino possession and access to the minor children, appointing an amicus attorney, and enjoining the parties from initiating any proceedings for the adoption of the children by any party.

Sandoval filed this original proceeding challenging the trial court's order denying her plea to the jurisdiction.

## ANALYSIS

The improper denial of a plea to the jurisdiction is generally not reviewable by mandamus because it involves a question of law which can be addressed by ordinary appeal. *See In re State Bar of Tex.*, 113 S.W.3d 730, 734 (Tex. 2003) (orig. proceeding). The Texas Supreme Court has held, however, that mandamus review is appropriate when there is a jurisdictional dispute in a proceeding involving child custody issues. *See Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *In re Green*, 352 S.W.3d 772, 774 (Tex. App.—San Antonio 2011, orig. proceeding). This is due to the unique and compelling circumstances presented when the trial court decides issues of child custody. *See Geary*, 878 S.W.2d at 603. A party's standing to maintain suit is an implicit component of the court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A party's lack of standing deprives the court of subject matter jurisdiction and renders subsequent trial court action void. *See id.* Whether a trial

court has subject matter jurisdiction is a question of law we review de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

The Texas Legislature has established a comprehensive statutory framework applicable to suits affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. §§ 102.003-.006 (West 2014). Standing to file suit under the Texas Family Code is limited. In his second petition to adjudicate parentage, Dino asserts that he has statutory standing to maintain his suit under section 102.003(a)(8) of the Texas Family Code, which provides:

> (a) An original suit may be filed at any time by:
> . . .
> (8) a man alleging himself to be the father of a child filing in accordance with Chapter 160, subject to the limitations of that chapter, but not otherwise;. . . .

TEX. FAM. CODE ANN. § 102.003(a)(8).

Standing to file a suit to adjudicate parentage under Chapter 160 of the Family Code is also expressly limited. Such a suit may only be maintained by:

> (1) the child;
> (2) the child's mother;
> (3) "***a man whose paternity of the child is to be adjudicated***;"
> (4) an authorized governmental agency;
> (5) an adoption or child-placing agency;
> (6) a legal representative of an authorized individual who is incapacitated;
> (7) a relative of the mother if the mother is deceased; or
> (8) an intended parent under a gestational agreement.

TEX. FAM. CODE ANN. § 160.602(a)(3) (West 2014) (emphasis added).

As this court stated in affirming the trial court's dismissal of Dino's first suit on the basis of standing:

> "Standing must exist at the time a plaintiff files suit and must continue to exist between the parties at every stage of the legal proceedings, including the appeal; if the plaintiff lacks standing at the time suit is filed, the case must be dismissed, even if the plaintiff later acquires an interest sufficient to support standing." *La Tierra de Simmons Familia, Ltd. v. Main Event Entm't, L.P.*, 03-10-00503-CV, 2012 WL 753184, at *4 (Tex. App.—Austin Mar. 9, 2012, pet. denied) (mem. op.) (citing, in part, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex.

1993)); *Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885, 888 (Tex. App.—Dallas 2011, pet. denied).

*In the Interest of N.I.V.S.*, 2015 WL 1120913, at *2.

This court concluded that Dino did not have standing to bring his first suit under subsection 102.003(a)(8) because he was not a man at the time he filed his suit. *Id*. at *5.

Dino contends in this mandamus proceeding, as he did in the trial court when opposing Sandoval's plea to the jurisdiction, that because the Order Granting Change of Identity, signed on January 3, 2014, was in place prior to his filing the second suit to adjudicate parentage, he now has standing to maintain suit. Dino contends that his Order Granting Change of Identity is legally sufficient to confer statutory standing to adjudicate his legal paternity to Sandoval's adopted children under subsection 160.602(a)(3). We disagree.

The Legislature amended the Family Code in 2009 to add a provision which allows a court order relating to an individual's sex change as an acceptable form of identification to establish a person's identity and age for the purpose of obtaining a marriage license. *See* TEX. FAM. CODE ANN. § 2.005(b)(8) (West Supp. 2014). The family code contains no further provision defining the terms used in this subsection, and offers no rules or standards with respect to its application. *See In re Estate of Araguz*, 443 S.W.3d 233, 245 (Tex. App.—Corpus Christi 2014, pet. filed).

The Order Granting Change of Identity was not challenged in the context of the proceeding in which it was obtained. While the clear language of the Family Code recognizes such an order as sufficient to provide proof of Dino's identity and age for the purpose of obtaining a marriage license, we conclude that it is not sufficient to confer statutory standing to maintain a suit to adjudicate parentage under subsection 160.602(a)(3).[5] The Order Granting Change of Identity is a

---

[5] There is no dispute that Dino is not the biological father, nor does he qualify for statutory standing as a presumed father, or meet the requirements to be an acknowledged father. *See* TEX. FAM. CODE ANN. §§ 160.102(13), 160.204(a) (West 2014) (presumed father); TEX. FAM. CODE ANN. §§ 101.0010, 160.301 (West 2014) (acknowledged father).

recognized form of proof of Dino's identity and age for the purpose of obtaining a marriage license. However, we decline to extend the applicability of subsection 2.005(b)(8) of the Family Code to confer standing as, "a man whose paternity of the child is to be adjudicated." TEX. FAM. CODE ANN. § 160.602(a)(3).

### CONCLUSION

Under the unique set of facts present in the case underlying this mandamus proceeding, we conclude that the trial court abused its discretion in denying Sandoval's plea to the jurisdiction and Sandoval has no adequate remedy at law. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to set aside its April 17, 2015 order denying the plea to the jurisdiction and enter an order granting the plea to the jurisdiction and dismissing the lawsuit for lack of subject matter jurisdiction. The writ will issue only if we are advised the trial court has failed to act in accordance with this opinion.

Jason Pulliam, Justice

---

The only basis under which Dino attempts to assert that he qualifies as "a man whose paternity of the child is to be adjudicated," is under an implied equitable theory resembling the psychological parent doctrine. As this court stated in its prior opinion, Dino does not have standing under the doctrine of *in loco parentis*, the common law doctrines of unconscionability or estoppel, or the psychological parent doctrine, which has never been recognized under Texas law. *See In the Interest of N.I.V.S.*, 2015 WL 1120913, at *6-7.