**CONDITIONALLY GRANT and Opinion Filed September 7, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00463-CV**

**IN RE G.B. AND L.B.**

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-51098-2011**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Garcia

In this original proceeding, Father challenges the trial court's temporary orders awarding Grandmother possessory conservatorship of and access to G.B. and L.B. (the "Children") because: (i) the fit parent presumption applied and was not overcome; and (ii) the trial court abused its discretion by sua sponte ordering a psychological evaluation and the appointment of a guardian ad litem. Father also challenges the denial of his motion to strike because Grandmother did not have standing to intervene.

As discussed below, we conclude that Grandmother has standing to intervene, but the trial court abused its discretion by naming her the Children's possessory conservator with rights of possession. Ordering a psychological study and the

appointment of a guardian ad litem do not constitute an abuse of discretion. We grant the requested relief in part and order the trial court to vacate its temporary orders awarding Grandmother access to and possession of the Children.

## I. Background

Mother and Father were named joint managing conservators of the Children in a 2011 final decree of divorce. Mother was given the exclusive right to establish the Children's primary residence. For at least a year prior to January 2021, that residence was Grandmother's home.

Mother was ill for some time and passed away on January 20, 2021. Father initiated discussions with Grandmother about transitioning the Children back to his home, but Grandmother refused to release the Children. Father sought and was granted a Writ of Habeas Corpus and the Children were surrendered to Father.

Grandmother intervened before the Children's residence with her ended and requested that she be appointed sole managing conservator of the Children and awarded possession of or access to the Children. Father moved to strike Grandmother's intervention arguing that: (i) Grandmother failed to meet the grandparent access requirements in TEX. FAM. CODE ANN. § 153.432; (ii) Grandmother failed to meet the requirements for managing conservatorship under TEX. FAM. CODE ANN. §102.004; and (iii) even if the court granted Grandmother access under the general standing statute, Grandmother could not overcome the fit parent presumption.

The trial court held a hearing on Grandmother's request for temporary orders and Father's motion to strike. At the time of the hearing, Grandmother informed the court that she was only seeking possession of the Children. Father and Grandmother both testified at the hearing, but no expert testimony was offered by either party.

The court later interviewed the Children in chambers and issued a memorandum ruling. The ruling included findings of fact and conclusions of law and described the temporary and other orders that would be entered. Following the ruling, the court entered temporary orders appointing Grandmother a possessory conservator, setting a visitation schedule, and granting Grandmother telephone access to the Children during periods when she is not in possession. The court further ordered the appointment of a psychological expert to evaluate the Children and act as their guardian ad litem.[1] The court also signed an order denying Father's motion to strike Grandmother's intervention. Father seeks to vacate these orders.

## II. Analysis

### A. Standard of Review

Ordinarily, to be entitled to a writ of mandamus, a relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding). In determining whether the trial court clearly abused its discretion, an appellate court

---

[1] The parties do not argue, nor do we address, whether there is a conflict of interest inherent in allowing the same individual to serve as both the psychological expert and the ad litem.

may not substitute its judgment for the trial court's determination of factual or other matters committed to the trial court's discretion, even if the court would have decided the issue differently. *In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). With respect to questions of law, a trial court has no discretion in determining what the law is or applying the law to the facts. *In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding). We cannot set aside the trial court's findings as arbitrary and unreasonable unless the trial court could reasonably have reached only one decision. *In re RSR Corp.*, 568 S.W.3d 663, 665 (Tex. 2019) (orig. proceeding) (per curiam). Temporary orders are not subject to interlocutory appeal. *See* TEX. FAM. CODE ANN. § 6.507. Therefore, the temporary orders at issue in this proceeding are subject to mandamus review. *See In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding). Likewise, mandamus review is appropriate when the trial court's jurisdiction is challenged in a proceeding involving child custody issues. *Geary v. Peavy*, 878 S.W.2d 602, 603 (Tex. 1994) (orig. proceeding); *see also In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, orig. proceeding) (mandamus relief appropriate remedy for order denying motion to dismiss for lack of standing in SAPCR action).

## B.    Standing

Father moved to strike Grandmother's petition in intervention arguing that (i) Grandmother had not met or would be unable to meet the requirements for

grandparent access in Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. § 153.432;[2] (ii) Grandmother had not met or would be unable to meet the requirements for managing conservatorship in Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. § 102.004;[3] and (iii) even if Grandmother had standing under the general standing statute, Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. §102.003(9) or (11), Grandmother would be unable to overcome the fit parent presumption.

The trial court found that Grandmother has standing under Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. §102.003(9) and (11). Father argues that the trial court erred because the fit parent presumption applies to the general standing statute, and Grandmother has not overcome this presumption.[4] This argument, however, confuses the issue of standing with the requisite level of proof required to be awarded possessory conservatorship.

Standing is a threshold determination of whether a party "has a sufficient 'justiciable interest' in the suit's outcome to be entitled to a judicial determination." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018, orig. proceeding). Thus, standing does

---

[2] This provision confers standing on a grandparent seeking possession or access upon a showing that denial of possession or access would significantly impair the child's emotional health or well-being.

[3] This provision confers standing to file suit requesting managing conservatorship on a relative within the third degree of consanguinity if the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development.

[4] Father also argues that the trial court erred because Grandmother failed to establish "significant impairment" as required for standing under Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. §153.433-.434. Because the trial court found that Grandmother has standing under Tᴇx. Fᴀᴍ. Cᴏᴅᴇ Aɴɴ. §102.003 and we conclude this was not in error, we need not consider whether Grandmother also has standing under other Family Code provisions. *See* Tᴇx. R. Aᴘᴘ. P. 47.1.

not involve whether a party will prevail in her suit; it is a question about whether the party may bring the suit at all. *H.S.*, 550 S.W.3d at 155.

It is fundamental that a party seeking conservatorship of a child must have standing to seek such relief. *See In re M.J.G.*, 248 S.W.3d 753, 757 (Tex. App.—Fort Worth 2008, no pet.); *In re S.S.J.-J.*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.). Standing is implicit in the concept of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*, 852 S.W.2d 440, 443 (Tex. 1993). A party's lack of standing deprives the trial court of subject matter jurisdiction and renders subsequent trial court action void. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443; *In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

We review the trial court's determination of a party's standing to file a suit affecting the parent-child relationship by construing the pleadings in favor of the petitioner and looking to the pleader's intent. *See In re S.S.J.-J.*, 153 S.W.3d at 134. A party seeking relief in such suits must plead and establish standing within the parameters of the language used in the Code. *See In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied); *see also* TEX. FAM. CODE ANN. §§ 102.003-.007. If a party fails to do so, the trial court must dismiss the suit. *See In re C.M.C.*, 192 S.W.3d 866, 870 (Tex. App.—Texarkana 2006, no pet.).

Family Code section 102.003(a)(9) permits an original suit to be filed by "a nonparent other than a foster parent who has had actual care, control, and possession

of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(9). This provision is premised on the parent-like role a nonparent has played in a child's life. *See C.J.C.*, 603 S.W.3d at 822 (Lehrmann, J. concurring). "The relationship that develops over time between a child and a person who serves in a parent-like role . . . justifies allowing that person to seek to preserve involvement in a child's life." *H.S.*, 550 S.W.3d at 159. A person who establishes standing under this section has "general standing to file a suit for conservatorship and access." *Shock v. Gray*, 381 S.W.3d 540, 543 (Tex. 2012).

Similarly, section 102.003(a) (11) allows an original suit by "a person with whom the child and the child's guardian, managing conservator, or parent have resided for at least six months ending not more than 90 days preceding the date of the filing of the petition if the child's guardian, managing conservator, or parent is deceased at the time of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a) (11).

Grandmother's petition alleged that she is the person who has had actual custody, possession, and control of the Children for well over six months and ending with ninety days of filing suit and that the Children's managing conservator resided with her at that time.

Grandmother testified that Mother was sick and diagnosed with a blood/autoimmune disease two years before the hearing. Mother's illness progressed

over time, and she was in the hospital several times, including the week before her death.

Mother's house was next door to Grandmother's house, but the Children were with Grandmother most of the time. Grandmother took the Children to school, to the doctor, and to their activities. In about February 2020, the Children began staying with Grandmother at her house overnight. The Children's clothing was at Grandmother's house, and she cooked for them and attended to their needs. Grandmother functioned like a parent to the Children during Mother's illness until the time she died. This evidence supports the trial court's determination that Mother has standing under TEX. FAM. CODE ANN. §102.003(a) (9) and (11).

Father maintains that Grandmother lacks standing under the foregoing provision because she did not overcome the fit parent presumption. In essence, Father seeks to extend the Texas Supreme Court's holding in *CJC* to impose additional requirements under the statute. *See CJC*, 603 S.W.3d at 811. We decline to do so. Grandmother meets the statutory requirements to bring a suit, and whether she is ultimately able to succeed on the merits does not impact her ability to do so. Father's issue is resolved against him.

## C.    Possessory Conservatorship

Father argues the trial court abused its discretion by awarding Grandmother possession and conservatorship rights because she did not overcome the presumption that a fit parent acts in a child's best interest. We agree.

The facts of this case largely mirror the facts in *CJC. See id*. In that case, the trial court named a father and mother joint managing conservators of their daughter. *Id*. at 808. The mother became involved in a relationship with a boyfriend, and the mother and daughter eventually moved into the boyfriend's home. *Id*. When the mother died, the daughter began living exclusively with the father. *Id*. Consequently, the boyfriend petitioned for conservatorship rights to the daughter. *Id*. at 809. The trial court entered temporary orders naming the boyfriend as a possessory conservator of the daughter. *Id.* at 810. After the court of appeals denied the father's mandamus petition, he petitioned the Texas Supreme Court. *Id.*

The Texas Supreme Court granted the father's petition and held that "[w]hen a nonparent requests conservatorship or possession of a child, the child's best interest is embedded with the presumption that it is the fit parent—not a court—who makes the determination whether to allow that request." *Id*. at 820. The court noted that no party had alleged, no evidence had demonstrated, and no court finding existed that the father was unfit to be the daughter's parent. *Id*. Nor were there any findings rebutting the presumption that the father acted in his daughter's best interest. *Id*. Accordingly, the court held that the trial court had abused its discretion by ordering that the boyfriend be named the child's possessory conservator and granted mandamus relief. *Id.*

In so concluding, the court relied on *Troxel v. Granville*, 530 U.S. 57, 66 (2000), which recognized that the United States Constitution "protects the

–9–

fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.* at 807 (citing *Troxel*, 530 U.S. at 66). This stems from "a strong tradition of parental concern for the nurture and upbringing of their children." *Id*. at 811 (citing *Wisconsin v. Yoder*, 406 U.S. 205, 232 (1972)). Accordingly, the government may not "infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a better decision could be made." *Id*. at 807 (citing *In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007) (per curiam)) (internal quotations omitted).

Here, Father testified that he paid child support and other expenses for the Children while Mother was alive. He routinely picked the Children up from Mother's residence during his periods of possession. He did not exercise all of his rights to possession —namely, Thursday nights—because by the time he finished work and picked up the Children there was very little time remaining in that possession period.

Father said that the Children were not doing well in school before they began living with him, but their grades had improved since he took possession from Grandmother. Socially, the Children are doing well, and have made friends at their new school and in the neighborhood.

Father married his long-term girlfriend and they reside together in a house. Both he and his wife are employed full-time and are financially able to care for the

Children. Neither he or his wife drink or take drugs and Father has no criminal history other than traffic tickets.

Father is engaged in the Children's education, medical, mental health, and dental needs. He has continued to take them to counseling that they began before living with him.

Father has allowed Grandmother communication with the Children, and between February and April 2021, allowed physical access to the Children five or six times. He said that he is hesitant to allow Grandmother non-monitored contact with the Children because she provided them with secret cell phones that she did not tell him about. He is also concerned about the content of her communications with the Children because she has made derogatory comments to the Children about Father and his wife.

The trial court found that Father is a fit parent, and the record supports this finding. Nonetheless, the trial court concluded that granting Grandmother possessory conservatorship on a temporary basis was in the Children's best interest. The Texas Supreme Court's decision in *C.J.C.*, however, forecloses consideration of Grandmother as a possessory conservator over a fit parent's objection unless Grandmother overcomes the presumption that Father, as a fit parent, acts in the Children's best interest. *See C.J.C.,* 603 S.W.3d at 820 ("When a nonparent requests conservatorship or possession of a child, the child's best interest is embedded with the presumption that it is the fit parent—not a court—who makes the determination

–11–

whether to allow that request."); *see also id.* at 822 (Lehrmann, J., concurring) (discussing holding in *Shook*, but reiterating holding that even when nonparent with standing seeks possessory conservatorship or access rather than or in alternative to managing conservatorship, best-interest determination necessarily encompasses constitutionally required deference to fit parent's decisions).

There is no evidence here to overcome the presumption that Father, as a fit parent, acts in the Children's best interest. Accordingly, the trial court abused its discretion by substituting its best interest determination for that of Father and appointing Grandmother possessory conservator over Father's objection.

The trial court noted that Grandmother does not rely on the Grandparent access statute, but in such a case, the grandparent must prove that denial of access would significantly impair a child's emotional well-being. *See In re Pensom*, 126 S.W.3d 251, 256 (Tex. App.—San Antonio 2003, orig. proceeding). Then, the court concluded that:

> Alternatively, if the standards of the Grandparent Access Statute apply to this general standing case . . . the denial of access to Grandmother . . . would significantly impair the Children's emotional well-being at this time. However, in the absence of expert testimony to this effect, the proof as it exists <u>does not</u> rise to the level of "significant impairment" as required under the Grandparent Access Statute.

(Underline in original). As we understand the court's alternative finding, the court did not find significant impairment at this time. But because the Grandparent Access Statute is not at issue, we need not consider the court's alternative findings. *See* TEX. R. APP. P. 47.1

–12–

## E.    Psychological Evaluation and Ad Litem

Father argues that the court-ordered psychological evaluation and the appointment of a guardian ad litem constitute an abuse of discretion because neither party requested it and it interferes with his right to make parental decisions. We disagree.

A suit for access to a child is a suit affecting the parent-child relationship (SAPCR) in which the principal consideration is the child's best interest. *See* TEX. FAM. CODE ANN. § 101.032(a) (defining a SAPCR); *id*. §153.002 (explaining that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of . . . possession of and access to the child"). In SAPCR's, a trial court may appoint a psychologist or psychiatrist to conduct a mental examination of the parties and children subject to the suit. TEX. R. CIV. P. 204.4(a). A trial court additionally has discretion to appoint a guardian ad litem in a suit for access to a child if it "finds that the appointment is necessary to ensure the determination of the best interests of the child . . . ." TEX. FAM. CODE ANN. §§ 107.021(a)(3), (b)(2). Father cites no authority, nor are we aware of any, that confines the court's discretion to so act to only those situations when it has been requested to do so.

Father also argues that the trial court erroneously relied on *In re Scheller*, 325 S.W.3d 640, 642 (Tex. 2010) (orig. proceeding) in appointing an ad litem and ordering an evaluation of the Children. According to Father, *Scheller* predates the

*C.J.C.* decision, and if the "State is permitted to forcibly hire experts to investigate the best interests of a child, the State does that which *C.J.C.* sought to avoid; put its nose into the business of a fit parent."

As Father acknowledges, however, *C.J.C.* did not address court-ordered psychological evaluations or appointments of a guardian ad litem. Instead, the court focused on the applicable presumption when a nonparent seeks conservatorship or access over a parent's objection. *C.J.C.*, 603 S.W.3d at 809–10. And as the *Scheller* court held, the Family Code provides for such evaluations and appointments, and they do not infringe on a parent's rights because they do not interfere with the parental relationship. Rather, the purpose is to facilitate determination of the best interests of the child. *See Scheller*, 325 S.W.3d at 644. Accordingly, we conclude the trial court did not abuse its discretion by ordering a psychological evaluation of the Children and the appointment of a guardian ad litem.

## III. CONCLUSION

We conclude the trial court abused its discretion by appointing Grandmother possessory conservator and Father does not have an adequate remedy by appeal. We resolve Father's remaining issues against him.

Therefore, we grant the requested relief in part, and direct the trial court to vacate the portion of its June 7, 2021 temporary orders appointing Grandmother possessory conservator with rights to possession of the Children. We are confident

–14–

the trial court will act accordingly, and mandamus will issue only if the court does not comply. Our July 1, 2021 stay is lifted.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210463F.P05